UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARY RODERICK EVANS; MICHAEL ZILKOSKI,

Plaintiffs,

v.

DEBRA KAY ZUHLKE VOGT,

Defendant.

Case No. 6:26-cv-01425-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Self-represented Plaintiffs Cary Roderick Evans and Michael Zilkoski filed a Complaint against Defendant Debra Kay Zuhlke Vogt. ECF No. 1. Before the Court is the Complaint and Plaintiff Evans' Application to Proceed In Forma Pauperis ("IFP"), ECF No. 2. The Court grants Plaintiff Evans' IFP application but finds that Plaintiffs' claims fail for several reasons. For the reasons below, this case is dismissed with prejudice.

## DISCUSSION

### I. IFP Application

A review of Plaintiff Evans' IFP application reveals that he is unable to afford the costs of this litigation. *See* ECF No. 2. The application is granted.

The Court notes that the application was submitted only on behalf of Plaintiff Evans and does not contain any information as to Plaintiff Zilkoski. *See* ECF No. 2. Without knowing Plaintiff Zilkoski's financial circumstances, the Court cannot grant IFP status to him.

## II. Mandatory Screening

### A. Standards

Congress established that when a complaint is filed *in forma pauperis*, even if the plaintiff filed a filing fee or portion thereof, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding in forma pauperis raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"); *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and in forma pauperis.").

The Court must construe the pleadings of self-represented litigants liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### B. Analysis

Plaintiffs allege claims against Defendant Lane County Circuit Judge Debra Kay Zuhlke Vogt that appear to arise out of Defendant's criminal prosecution of Plaintiff Evans in the year 2000. *See* Compl. 3, 6-11. Plaintiffs allege that Defendant "abused her duties as an Assistant

District Attorney of Lane County by taking revenge against the Plaintiff Cary Roderick Evans, when she knew that Mr. Evans was innocent of all she charged him with." Compl. 5. Plaintiffs allege that Defendant used false evidence and withheld other evidence during the criminal proceedings. *Id.*

Plaintiffs' Complaint must be dismissed for several fatal deficiencies. To start, Plaintiffs' claims are barred by *Heck v. Humphrey*, which bars civil actions for damages arising from an allegedly unconstitutional conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiffs do not allege that Plaintiff Evans' conviction was reversed or otherwise declared invalid. Plaintiffs' claims that Defendant violated Plaintiff Evans' constitutional rights "would imply the invalidity of a conviction or sentence that has not been reversed or otherwise invalidated," so they are barred by this doctrine. *See Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

Additionally, Defendant Vogt's conduct that she performed in her role as a prosecutor is subject to absolute immunity to the extent those "activities were the work of an advocate and were integral to the initiation of the prosecution." *See Torres v. Goddard*, 793 F.3d 1046, 1053 (9th Cir. 2015) (quotation marks, alteration, and citations omitted); *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976) (noting that absolute prosecutorial immunity "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty" but adopting that rule anyway because of various policy considerations). Defendant Vogt is also subject to absolute judicial immunity to the extent any of

Plaintiffs' allegations challenge her judicial functions. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

Finally, Plaintiffs' allegations are insufficient to state a claim for relief. They make conclusory assertions that their constitutional rights to due process and equal protection were violated, but do not allege the necessary elements to state a claim for either. The Court also notes that Plaintiffs' claims are likely time-barred, as they arise out of alleged conduct that took place at least 26 years ago.

### C. Leave to Amend

"Unless it is absolutely clear that no amendment can cure the defect, ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

Plaintiff's claims, as discussed above, are barred for several reasons. The Court finds that allowing Plaintiffs leave to amend would be futile because their claims cannot overcome the obstacles identified. Plaintiffs are not entitled to leave to amend.

## CONCLUSION

For the reasons above, Plaintiff Evans' Application to Proceed in Forma Pauperis (ECF No. 2) is GRANTED. Plaintiffs' Complaint (ECF No. 1) is DISMISSED with prejudice and without leave to amend.

DATED this 28th day of August 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge